UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREFERRED CONTACTORS INSURANCE COMPANY RISK RETENTION GROUP LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>BAKER AND SON CONSTUCTION INC ET AL,<br><br>           Defendants. | CASE NO. 3:21-cv-05016-JHC<br><br>ORDER RE: MOTION FOR SUMMARY JUDGMENT |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff Preferred Contractors Insurance Company's motion for summary judgment. Dkt. # 73. Plaintiff requests a declaratory judgment that Plaintiff has no duty to defend or indemnify Defendant Baker and Son Construction, Inc. for claims asserted against Baker in a separate lawsuit. Dkt. # 1 at 10. Plaintiff argues that (1) it has no duty to defend or indemnify Baker under the insurance policies at issue, and (2) even if Plaintiff owes such a duty, coverage is limited to the Washington minimum of $100,000 under RCW 18.27.050(1). Dkt. # 73 at 4–8. The Court has considered the parties' briefing, the balance of the case file, and the applicable law. Being fully advised, the Court DENIES the motion.

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 1

## II
### BACKGROUND

The background of this matter is well presented in (1) the Order Granting in Part Defendants['] Motion for Certification and Denying Plaintiff's Motion for Summary Judgment, Dkt. # 57; and (2) *Preferred Contractors Insurance Company, Risk Retention Group, LLC v. Baker and Son Construction Inc.*, 200 Wash. 2d 128, 514 P.3d 1230 (2022). PCIC now seeks summary judgment on coverage, arguing preemption under the Liability Risk Retention Act ("LRRA"). Dkt. # 73 at 4–8. In the alternative, PCIC argues that if preemption does not apply, the Court should limit PCIC's coverage obligation to the $100,000 minimum required by RCW 18.27.50. *Id.*

In analyzing the summary judgment motion, the Court determined that its resolution may depend on whether the insurance policy at issue violated Montana public policy. Dkt. # 81. But the Court did not find Montana law to be clear. *Id.* Accordingly, the Court ordered the parties to show cause as to whether it should certify the question to the Montana Supreme Court. *Id.* For varying reasons, the parties do not support certification of the question. Dkt. ## 82, 83, 86 & 87. In light of the parties' positions, and for reasons set forth below, the Court declines to certify the question.

## III
### DISCUSSION

Summary judgment is proper only if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The LRRA generally preempts state law governing RRGs.  15 U.S.C. § 3902(a)(1).  But "the jurisdiction in which [an RRG] is chartered may regulate the formation and operation [of the RRG]."  *Id.*  Plaintiff is chartered in Montana.  *See* Dkt. # 24-6.

Under Montana law, "[e]very stipulation or condition in a contract by which any party to the contract is restricted from enforcing the party's rights under the contract by the usual proceedings in the ordinary tribunals or that limits the time within which the party may enforce the party's rights is void."  MCA 28-2-708.  The Court continues to find Montana law unclear as to whether the policy at issue offends the state's public policy.  But as argued by Defendants, Ninth Circuit case law binds this Court.  And in *J. G. Link & Co v. Continental Cas. Co.*, the Ninth Circuit essentially held that the combination of "occurrence" and "claims made" provisions in an insurance policy violated the public policy underlying R.C.M. § 13-806, an earlier version of MCA 28-2-708.[1]  470 F.2d 1133, 1137 (9th Cir. 1972).  Thus, under *J.G. Link*, this Court must conclude that the policy at issue, which combines such provisions, violates Montana public policy, and so preemption does not apply.[2]  Given this conclusion, the Court does not reach the other arguments raised by Defendants opposing the application of preemption.

---

[1] The former and current versions of the statute provide basically the same legal standard.  *Compare* MCA 28-2-708 ("Every stipulation or condition in a contract by which any party to the contract is restricted from enforcing the party's rights under the contract by the usual proceedings in the ordinary tribunals or that limits the time within which the party may enforce the party's rights is void."), *with Palmer Steel Structures v. Westech, Inc.*, 178 Mont. 347, 350, 584 P.2d 152 (1978) (quoting section 13-806, R.C.M. 1947) ("Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void.").

[2] Granted, for several reasons, the foregoing application of *J.G. Link* does not sit perfectly well with this Court.  First, that case is over 50 years old.  Second, while not dicta as argued by Plaintiff, the analysis therein on the question before the Court is not extensive.  And third, it is not altogether clear to the Court how the policies at issue and in *J.G. Link* violate the Montana statute.  But again, the case binds this Court.

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 3

Plaintiff next contends that, if it owes a duty to defend Baker, liability is limited to $100,000, the minimum coverage required under RCW 18.27.050(1).  Defendants say that the minimum coverage amount does not apply because the parties contracted for $1,000,000 in coverage.  Dkts. ## 76 at 18–23, 78 at 5–6.  Plaintiff concedes that "no Washington case answers . . . that [Plaintiff's] obligation should be limited to $100,000."  Dkt. # 73 at 7.

Perhaps if this Court declined to enforce the exclusion at issue on the ground that it violates RCW 18.27.050, Plaintiff's argument might be more persuasive.  But either way, no authority supports the argument.  The parties contracted for $1,000,000 in coverage and but for the unenforceable coverage exclusion are entitled to that full amount.  *See LK Operating, LLC v. Collection Grp., LLC*, 181 Wash. 2d 48, 94, 331 P.3d 1147 (2014) (quoting *Fallahzadeh v. Ghorbanian*, 119 Wash. App. 596, 605, 82 P.3d 684 (2004)) ("Where a contract is entered in violation of public policy, 'the rule is to leave the parties in the positions where the court finds them, even if they acted in good faith.'").

## III
### Conclusion

Based on the above, the Court DENIES the motion for summary judgment.  Dkt. # 73.

Dated this 3rd day of April, 2023.

*[signature: John H. Chun]*

John H. Chun
United States District Judge

ORDER RE: MOTION FOR SUMMARY JUDGMENT - 4